UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SARA and COLIN BATTERHAM,<br><br>        Plaintiffs,<br><br>v.<br><br>SURAT SINGH; et al.,<br><br>        Defendants. | 3:11-CV-0527-LRH-WGC<br><br>ORDER |

Before the court is defendants Surat Singh ("Singh") and Khalsa Resorts' ("Khalsa") (collectively "defendants") motion to dismiss for lack of subject matter jurisdiction. Doc. #21.[1] Plaintiffs Sara and Colin Batterham ("the Batterhams") filed an opposition to the motion (Doc. #23) to which defendants replied (Doc. #25).

**I.    Facts and Procedural History**

The Batterhams were former employees of defendants at the Econo Lodge in Mammoth Lakes, California. After terminating their employment, the Batterhams filed the present complaint for state wage law violations against defendants in federal court alleging diversity jurisdiction. Doc. #20. Thereafter, defendants filed the present motion to dismiss for lack of subject matter jurisdiction. Doc. #21.

---

[1] Refers to the court's docket number.

## II. Discussion

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a factual challenge or as a facial challenge. *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Here, defendants factually challenge the jurisdictional allegations in the Batterhams' complaint and contend that the evidence establishes that there is no diversity jurisdiction. *See* Doc. #21. The court agrees.

Generally, a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Here, the jurisdictional evidence establishes that the Batterhams, or at the very least Sara Batterham, was a resident and citizen of California, the same state as defendants, at the time the complaint was filed on July 22, 2011. First, the address which

1  the plaintiffs have continually maintained with this court since July 22, 2011 is a Truckee,
2  California address. *See* Doc. #1. Second, the Batterhams concede in their opposition that "[a]t the
3  time of the filing of the initial complaint . . . Sara Batterham was living in Truckee, California."
4  Doc. #23, ¶ 2. Therefore, the court finds that at the time of the filing of the initial complaint there
5  was not complete diversity between the parties. Accordingly, the court shall grant defendants'
6  motion to dismiss for lack of subject matter jurisdiction.

8       IT IS THEREFORE ORDERED that defendants' motion to dismiss for lack of subject
9  matter jurisdiction (Doc. #21) is GRANTED. This action, 3:11-cv-0527, is DISMISSED without
10 prejudice.
11      IT IS SO ORDERED.
12      DATED this 18th day of December, 2012.

                                                                                                                 LARRY R. HICKS
                                                                                                                   UNITED STATES DISTRICT JUDGE